Filed 5/11/16  P. v. Salas CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D069354 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS280408) |
| LARRY SALAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Laura R. Sheppard, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Larry Salas entered a guilty plea to one count of taking and driving a vehicle (Veh. Code, § 10851, subd. (a)) and one count of receiving stolen property (Pen. Code,[1]

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

§ 496d).  He also admitted one prison prior (§ 667.5, subd. (b)) and one serious/violent felony prior conviction (§ 667, subds. (b)-(i)).

Salas's motion to strike the serious/violent felony prior was denied.  The court imposed a four-year prison term consisting of the low term of two years for taking the vehicle, doubled because of the serious/violent felony prior.  Following a restitution hearing the court ordered restitution in the amount of $5,448.62.

Salas filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she is unable to identify any reasonably arguable issue for reversal on appeal.  Counsel asks this court to review the record for error as mandated by *Wende*.

We offered Salas the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Salas admitted he took and drove a vehicle without the permission of the owner with the intent to permanently or temporarily deprive the owner of its property.

## DISCUSSION

As we have noted, appellate counsel has not identified any reasonably arguable issues for reversal on appeal and has asked that we review the record for error as mandated by *Wende, supra,* 25 Cal.3d 436.  As required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issues for our review:

1.  Whether the trial court abused its discretion in denying the motion to strike the serious/violent felony prior conviction;

2.  Whether the trial court erred in ordering restitution to Enterprise Rent-a-Car, the owner of the vehicle, and in setting the amount of restitution by means of a stipulation by the parties.

We have reviewed the record as required by *Wende, supra*, 25 Cal.3d 436, and *Anders*, *supra,* 386 U.S. 738, and have not identified any reasonably arguable issue for reversal on appeal.  Competent counsel has represented Salas on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

3